# EXHIBIT

# A

STATE OF MICHIGAN
THIRD CIRCUIT COURT



**SUMMONS AND
RETURN OF SERVICE**

CASE NO.

10-008381-CZ

| COURT<br>ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT<br>TELEPHONE NO. (313) 224- |
|---|---|

THIS CASE ASSIGNED TO JUDGE:   Susan D. Borman          Bar Number: 11016

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| RILEY, CEDRIC L | VS | FRABRIZIO & BROOK PC |

PLAINTIFF'S ATTORNEY

RILEY, CEDRIC L
(P- )
25360 SUMPTER RD
BELLEVILLE, MI 48111

| CASE FILING FEE | JURY FEE |
|---|---|
| Waived | No Jury Demand |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 07/22/2010 | 10/21/2010 | Pamela Oliver |

This summons is invalid unless served on or before its expiration date.          Cathy M. Garrett — Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

8-4-10
Date

Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)    MC 01 (10/97)          **SUMMONS AND RETURN OF SERVICE**          MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CEDRIC L. RILEY

                Plaintiff,

vs.

HOMEQ SERVICING , and
OCWEN LOAN SERVICING, and
MTGLQ INVESTORS LP, and
FABRIZIO & BROOK, P.C.

                Defendants.

RILEY, CEDRIC L v HOMEQ SERVICING
Hon. Susan D. Borman     07/22/2010

**10-008381-CZ**

| CEDRIC L. RILEY,<br>Plaintiff temporarily In Pro Per<br>25360 Sumpter Rd.<br>Belleville, MI 48111<br>(313)268-3452 | FABRIZIO & BROOK, P.C.<br>Attorney for<br>Defendants<br>2888 W. Big Beaver,Ste. 800<br>Troy, MI 48084 |
|---|---|

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

## <u>COMPLAINT</u>

NOW COMES the plaintiff, **CEDRIC L. RILEY**, Temporarily In Pro Per, and for his Complaint against the above named defendants, states as follows:

1. That the plaintiff is and was at all times material herein, a resident of the city of Belleville, County of Wayne, State of Michigan.

2.   That the Defendant **HomEQ Servicing,** and the Defendant **Ocwen Loan Servicing and** the Defendant  **Fabrizio & Brook, P.C.** were at all times material herein, conducting business through interstate commerce and doing business in the County of  Wayne,  State of Michigan.

3.   That the events that give rise to this complaint occurred in the City of Belleville,  County of  Wayne,  State of Michigan.

4.   That the amount in controversy herein is in excess of $25,000.00 which vest this court with jurisdiction.

### FACTS AND CIRCUMSTANCES

5.   The  plaintiff  had  a  dispute  with  his  Mortgage  companies, Defendants  **HomEQ Servicing and Ocwen Loan Servicing,** to an issue with charges and fees and ambiguous amounts claimed to be due to Defendants **HomEQ Servicing and Ocwen Loan Servicing.**

6.   The Plaintiff had a dispute with his mortgage company, Defendant **HomEQ Servicing,** to an issue with a request for assistance where the Defendant **HomEQ Servicing** had agreed to a loan modification to assist the Plaintiff, during his time of financial difficulty.

7.   Defendant  HomEQ  Servicing  required  a  cashier's  check  in  the amount  of   **$5,350.00**  in  order  to  enter  the  loan  modification agreement.

8.   <u>Plaintiff used all of savings and borrowed funds from family members  and  friends  in  order  to  pay  the  requested  $5,350.00</u>  via Moneygram, <u>which payment was confirmed as being received</u> by Defendant HomEQ Servicing via a telephone call.

9.    Once Plaintiff's payment was confirmed as being received by Defendant HomEQ Servicing, a Modification Agreement was mailed out to the Plaintiff.  The Plaintiff reviewed the loan modification paperwork and noticed that the mortgage amount had **decreased by a merely** $62.00/month.

10.  The plaintiff requested Defendants **HomEQ Servicing and Ocwen Loan Servicing, to provide  a "detailed accounting and a tracking"** of when, where, how the plaintiffs monthly mortgage payments and the "charges and fees" added on to plaintiffs account, **"were calculated",** posted, distributed and/or disbursed (if there was any disbursement), by whom and to who.

11.  That pursuant to the Fair Debt Collection Practices Act at    § 809. **Validation of debts (15 USC 1692g],**  the plaintiff wrote a letter to Defendant requesting they validate the debt , and plaintiff is/was entitled to this information and plaintiff accordingly followed the requirements of   § 809. **Validation of debts (15 USC 1692g],** and did:

        a.   write the Defendant, and

        b.   request that the Defendant " validate" the debt

12.  That the **Defendants,** after **Plaintiff** sent them the written request to validate the debt, had not only **failed to validate the debt,** and failed to respond to the request at all.

13.  Defendant and Defendants counsel, (also defendant herein) **were not allowed** and **prohibited from starting any foreclosure,** instituting

a sheriffs sale, and commencing any civil action against plaintiff,
under prohibited acts of  § 809, Validation of debts (15 USC 1692].

14.   The Defendants (counsel) were to "cease debt collection" when
notified of the validation request and cease debt collection when
Defendants failed to validate the debt.

15.   The Statute 15 USC 1692g and the Unites States Court of Appeals,
and a Indiana Court of Appeals ruling further established additional
requirements that "Defendants are not allowed to collect, continue to
proceed, or file any civil action if they fail to validate the debt.

In Spears v. Brennam, the Court of appeals ruled as follows:

"Finally, we address Spears' claim that Brennan violated 15 U.S.C. §
1692g(b) when he failed to cease collection of the debt after receiving
Spears' written notification, within the thirty-day debt validation period, that
Spears was disputing the debt." 15 U.S.C. § 1692g(b) reads:
If the consumer notifies the debt collector in writing within the thirty day period
described in subsection (a) of this section that the debt, or any portion thereof, is
disputed, or that the consumer requests the name and address of the original
creditor, the debt collector shall cease collection of the debt, or any disputed
portion thereof, until the debt collector obtains verification of the debt or a copy of
a judgment, or the name and address of the original creditor, and a copy of such
verification or judgment, or name and address of the original creditor, is mailed
to the consumer by the debt collector.

15 U.S.C. § I 692g(b) (emphasis added). On November 12, 1996, nineteen days
after the date of Brennan's debt collection letter, Spears' counsel Shepard sent
Brennan a letter declaring that Spears "disputes your debt collection-related
allegations, denies the same, and demands strict proof and verification thereof."
Record at 21. As such, Brennan should have ceased his debt collection
efforts immediately upon receiving that letter. Instead, Brennan proceeded
to obtain a default judgment against Spears on the debt collection claim
before he had mailed Spears the necessary verification and, thus, violated
15 U.S.C. § 1692g~).

Brennan maintains, however, that there was no violation of the FDCPA
because he "sent adequate verification of the debt [to Spears] in the October 30,
1996 notice of claim." Brief of Appellee at 13. Specifically, Brennan claims that
a copy of the consumer credit contract between Spears and American

General **attached to the notice** of claim provided **sufficient verification** of the debt within the meaning of 15 U.S.C. § 1692g(b). We cannot agree.

The contract in no way provides sufficient verification of the debt. A review of the document reveals that it identifies only the terms of Spears' loan, including a 17.99% annual interest rate and the original loan amount of *$2,561.59*. The loan agreement contains no accounting of any payments made by Spears, the dates on which those payments were made, the interest which had accrued, or any late fees which had been assessed once Spears stopped making the required payments. Indeed, the existing unpaid contract balance at the time Brennan sent the debt collection notice was at least $350.00 more than the original loan amount. **Therefore, Brennan violated 15 U.S.C. § 1 692g(b) when he failed to cease collection of the debt by obtaining a default judgment against Spears after Spears had notified Brennan in writing that he was disputing the debt but before Brennan had mailed verification of the debt to Spears.** We reverse the trial court's entry of summary judgment in favor of Brennan on this issue.

We reverse the trial court's entry of summary judgment in favor of Brennan on spears' claim that Brennan violated 15 U.S.C. § 1692g(a) when he scheduled the November 27, 1996 hearing on the debt collection claim and obtained a default judgment against Spears on that date. Having found the existence of a genuine issue of material fact with respect to this issue, we remand to the trial court with instructions to determine, in accordance with the principles set forth in this opinion, when Spears received Brennan's debt Collection notice and whether Breiman violated the FDCPA by scheduling the November 27, 1996 hearing and obtaining a default judgment against Spears within the thirty-day debt validation period.
We reverse the trial court's entry of summary judgment in favor of Brennan with respect to the remainder of Spears' claims as identified herein. **Having found, as a matter of law, multiple violations of 15 U.S.C. §§ 1692g(a) and (1)), we further remand to the trial court for a determination of damages in accordance with the FDCPA.** Affirmed in part, reversed in part and remanded for further proceedings. SULLIVAN, J., and BROOK, J., concur.

16.  The   Defendants   (and   their   counsel)   herein   **have   willfully,**

**wrongfully** :

    A. **instituted foreclosure** proceedings against plaintiff,

    B. **wrongfully foreclosed upon plaintiffs property,** and

    C. **wrongfully effected a sheriffs sale** of plaintiffs home;

all without the standing , authority and right to do so, in violation

of the aforementioned.

17.   FURTHER, during the pendency of this Wayne County Circuit Court

Case , the Defendants have again wrongfully:

   A. OBTAINED   an   ORDER   Of   EVICTION   by  foreclosure  by

      Sheriff's sale on  July 22, 2009, having Instituted, a civil

      action against plaintiff in the  District Court, and

18.   Defendants failed to produce anything in writing and validate

the debt under 15 USC 1692g , additionally the defendants were not

entitled to proceed any further , in any action or venue, or collect

anything from plaintiff.

      Defendants  (should  have) , pursuant  to  law,   must provide

Plaintiff with :

   a. a complete payment history, starting with
   b. the original creditor
   c. what the amount of the debt was when it was assigned ,
      each time it was assigned, and
   d. what fees and or interest has been added   on to this
      debt, and
   e. how the  fees, if any, were determined , and by whom

19.   Instead of Defendants complying with § 809.Validation of debts

[15  USC  1692g]),  the  Defendants  and  their  counsel,  wrongfully

instituted foreclosure and court proceedings, and the Plaintiff have

suffered damages.

20.   That as a direct and proximate result and consequence of the

Defendants conduct, the Plaintiff has suffered mental anguish as a

consequence of such wrongful and outrageous conduct of the defendants, and all of them, as herein alleged.

21. Further, Plaintiff has suffered humiliation, degradation, and incurred expenses, including medical expenses, all past, present and future.

**WHEREFORE,** Plaintiff herein pray  for an award or Judgment in an amount of no less than  $185,000.00 as to and from each Defendant for such general  and punitive and/or exemplary damages , or an award of Judgment in an amount  the court or jury shall deem to be fair and just at the time of trial of this cause of action,  as to  plaintiff from and against each defendant, plus interest, cost , and attorney fees as allowed by law .

## COUNT I

## VIOLATION OF FDCPA § 809. 15 USC 1692

22. For  Count  I, the Plaintiff alleges "Violation of the FDCPA § 809. 15 USC 1692" Intentional Infliction of Emotional Distress" against him, and Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this complaint, inclusive of  each and every paragraph and exhibit  as though it were fully stated below word for word, paragraph for paragraph, exhibit by exhibit, and states as follows:

23. Under the Fair Debt Collection Practices Act § 809.**Validation of debts [15 USC 1692g])**, the Defendants  must show proof positive that Plaintiff owes them (HomEQ, Ocwen, MTGLQ) this debt.

a.    It's _not enough to send_ Plaintiff a _computer generated printout of the debt_.  There is an opinion / ruling letter from the Federal Trade Commission to support this, and can be    easily    accessed    at http://www.ftc.gov/os/statutes/fdcpa/letters/wollman.htm:

24.  Defendants _must provide Plaintiff with_ a complete payment history, starting with

    a. the original creditor
    b. what the amount of the debt was when it was assigned , each time it was assigned, and
    c. what fees and or interest has been added  on to this debt, and
    d. how the  fees, if any, were determined , and by whom

*This _requirement was established by_ the case _Fields v. Wilber Law Firm. Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court,  Sept 2004_.

25.  Defendant must provide Plaintiff with a copy of the original signed loan agreement establishing the debt between  plaintiff and defendant.

26.  If   Defendant _cannot_ validate the debt , providing the above required and requested information;

a. Defendants **are** _not allowed to_ **collect** the debt ,
b. Defendants **are not allowed to contact** Plaintiffs about the debt, and
c. Defendants **are also not allowed to report it** under the Fair Credit Reporting Act (FCRA).

  _Doing so is a violation_ of the FCRA, and the FDCPA _states that Plaintiff can  sue for $1000 in damages for any violation of the Act._ It also states that Plaintiff can sue in federal or state court _for each_ reported violation.

27. That the Defendants willfully violated the FDCPA, and the Plaintiff have suffered damages.

28. That as a direct and proximate result and consequence of the Defendants conduct, the Plaintiff has suffered mental anguish as a consequence of such wrongful and outrageous conduct of the Defendants, and all of them, as herein alleged.

29. Further, Plaintiff has suffered humiliation, degradation, and incurred expenses, including medical expenses, all past, present and future.

**WHEREFORE,** Plaintiff herein pray for an award or Judgment in an amount of no less than  $185,000.00 as to and from each Defendant for such general  and punitive and/or exemplary damages , or an award of Judgment in an amount  the court or jury shall deem to be fair and just at the time of trial of this cause of action, as to  Plaintiff from and against each Defendant, plus interest, cost , and attorney fees as allowed by law .

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. For  Count  II, the Plaintiff alleges "Intentional Infliction of Emotional  Distress" against  him,  and  Plaintiff  realleges  and incorporates by reference paragraphs 1 through 25 of this complaint, inclusive of  each and every paragraph and exhibit  as though it were fully stated below word for word, paragraph for paragraph, exhibit by exhibit.

31.   At all times relevant hereto Defendants, and all of them , owed to Plaintiff the following duties:

A) To refrain from inflicting intentional emotional distress upon the Plaintiff,

B) To refrain from treating Plaintiff, who is a law abiding citizen, in an extremely and outrageously abusive manner;

C) To refrain from depriving the Plaintiff of his rights under the FDCPA 15 USC without excuse or justification.

32.   That as a direct and proximate result and consequence of the Defendants breach of duty to the Plaintiff, the Plaintiff has suffered mental anguish as a consequence of such wrongful and outrageous conduct of the Defendants, and all of them, as herein alleged.

33.  Further, Plaintiff have suffered humiliation, degradation, and incurred expenses, including medical expenses, all past, present and future.

WHEREFORE, Plaintiff herein pray  for an award or Judgment in an amount of no less than  $185,000.00 as to and from each Defendant for such general  and punitive and/or exemplary damages , or an award of Judgment in an amount  the court or jury shall deem to be fair and just at the time of trial of this cause of action, as to  Plaintiff from and against each Defendant, plus interest, cost , and attorney fees as allowed by law .

Respectfully submitted by,

CEDRIC L.  RILEY,
Plaintiff temporarily In Pro Per

Page 10